# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE No.: 5:12CV2682** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | **Magistrate Judge George J. Limbert** |
| **v.** | ) | |
| | ) | |
| **RALPH A. ROHNER,** | ) | <u>**Report and Recommendation**</u> |
| | ) | |
| **Defendant.** | ) | |

This matter is before the undersigned[1] on the cross-motions for summary judgment filed on

behalf of Plaintiff, United States of America, ECF Dkt. #40, and Defendant, Ralph A. Rohner on

September 16, 2013.  ECF Dkt. #41.  The government filed an opposition brief to Defendant's

motion on October 3, 2013, and Defendant filed his opposition brief to the government's motion on

October 10, 2013.  ECF Dkt. ##44, 46.  The parties filed their reply briefs on October 23 and 24,

2013.  ECF Dkt ## 47 (government), 48 (Defendant).  On October 25, 2013, Defendant filed an

errata to his opposition brief to correct a typographical error in his original brief.  ECF Dkt. #49.

Also before the undersigned is the amended motion to reconvene the deposition of Patrick

Frazee filed by Defendant on November 5, 2013.  ECF Dkt. #50.  The government filed its response

brief on November 6, 2013 ECF Dkt. #51.  Defendant filed his reply brief on November 15, 2013.

ECF Dkt. #52.  The amended motion revisits issues first raised in Defendant's original motion to

reconvene the Frazee deposition due to Plaintiff's illegal assertion of privilege, the motion to extend

---

[1]This case was referred to the undersigned on May 6, 2013 for general pretrial supervision, including
dispositive motions. ECF Dkt. #20.

discovery dispositional deadlines due to delay caused by government at recent deposition, and the motion for production of all records transmitted by Patrick Frazee to Attorney Berndt, filed on September 4, 2013.[2]  ECF Dkt. #36.

I.    SUMMARY OF ARGUMENTS

Pursuant to 26 U.S.C. §7401, Plaintiff brought the above-captioned action to reduce to judgment several unpaid federal tax assessments[3] and a penalty assessment[4] made against Defendant. On August 23, 2013, Defendant deposed Frazee, a revenue officer of the Internal Revenue Service

---

[2]The original motion was fully briefed: On September 10, 2013, Plaintiff, United States of America filed a response brief. ECF Dkt. #38.  On September 18, 2013, Defendant filed his reply brief. ECF Dkt. #42.

[3]The Internal Revenue Code protects taxpayers' due process rights by providing them with two methods of contesting tax assessments. Taxpayers contesting tax assessments can: (1) pay the full amount of taxes due and then sue for a refund in a federal district court or the United States Court of Federal Claims (the "refund method"); or (2) elect not to pay the full amount of taxes due and petition the United States Tax Court for a refund (the "deficiency method"). 26 U.S.C. § 7422(e); 28 U.S.C. § 1346(a); 26 U.S.C. § 6213(a).

[4]26 U.S.C. §6702, captioned "Frivolous tax submissions," reads, in pertinent part:

(a) Civil penalty for frivolous tax returns.--A person shall pay a penalty of $5,000 if --

(1) Such person files what purports to be a return of a tax imposed by this title but which--

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect, and

(2) the conduct referred to in paragraph (1)--

(A) is based on a position which the Secretary has identified as frivolous under subsection (c), or

(B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. §6702.

2

("IRS").  Defendant contends that the government prohibited Frazee from answering questions that would lead to discoverable information.  The government asserted that Frazee was not at liberty to answer Defendant's questions, due to limitations placed on Frazee by the IRS pursuant to regulations promulgated to allow executive agencies to circumscribe testimony by employees.[5]

---

[5]Federal "housekeeping statute," 5 U.S.C. §301, allows executive agencies to promulgate regulations concerning testimony by agency employees. See *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 469-70, 71 S.Ct. 416, 95 L.Ed. 417 (1951).  Regulations promulgated pursuant to that statute are referred to as an agency's "*Touhy*" regulations. On August 21, 2013, the Office of Chief Counsel of the IRS issued a testimony authorization for this case, which reads, in pertinent part:

> The Government has been served with a notice of deposition to take your deposition testimony.  Your testimony is sought as an employee of the [IRS] in connection with the above-captioned matter.
> . . .
>
> Pursuant to Delegation Order 11-2, 31 C.F.R. §§1.8 through 1.12, 26 C.F.R. §301.9000-1 and the notice of deposition, you are authorized to appear and give deposition testimony, under the guidance of counsel for the Government, and subject to the following limitations:

|  |  |
|---|---|
| You <u>may</u>: | Testify as to facts of which you have personal knowledge in your official capacity concerning the allegations in the plaintiff's complaint in the above-captioned matter. |
| You <u>may not</u>: | Testify as to matters of which you have no personal knowledge. |
|  | Testify to hypothetical questions. |
|  | Testify in response to general questions concerning the current or former positions, policies, procedures, or records of the [IRS], except those that are relevant to the proceeding or reasonably calculated to lead to the discover of admissible evidence. |
|  | Testify as to matters of official business not relevant to the proceeding or reasonably calculated to lead to the discovery of admissible evidence. . . |
|  | Disclose any information that is protected by the attorney-client, attorney work product, or deliberative process privileges, except and only to the extent |

3

Despite the considerable amount of briefing undertaken in this case, the parties have provided virtually no explanation of the events leading up to this civil action. In its motion, the government asserts that there exists no genuine issue of material fact regarding the assessments due and owing from Defendant for tax years 1996-1997, 2001-2003, 2006, and 2008, as well as the penalty assessed pursuant to 26 U.S.C. §6702(b) for tax year 2006, which total $432,182.32 plus statutory additions and interest accruing from August 31, 2013.  The following chart is taken from the declaration of Walter Bailey, an IRS acting advisory group manager, see ECF Dkt. #40-11:

| Tax Type & Year | Assessment date[6] | Unpaid Assessed Amount | Unpaid Balance with Accrued Penalties & Interest to 6/18/2012 |
|---|---|---|---|
| 1040 1996 | 4/2/2001 | $12,478.42 | $22,812.15 |
| 1040 1997 | 12/18/2000 | $158,723.49 | 296,725.72 |
| 1040 2000 | 8/18/2000 | $4,943.29 | $7,519.11 |
| 1040 2001 | 8/23/2004 | $3,745.30 | $5,671.72 |

waived by this authorization.

Disclose returns or return information of any third party taxpayer (*i.e.,* a taxpayer not a party to this proceeding), except as may be authorized by I.R.C. § 6103(h)(4). . . .

ECF Dkt. #36-1.

[6]The government warrants that, although the assessments for tax years 1996 and 1997 were made on April 2, 2001, and December 18, 2000, which would result in the expiration of the statutory period of limitations on April 2, 2011, and December 18, 2010, respectively, the running of that period was suspended during the time while a collection due process ("CDP") action was pending. A CDP action was filed for the 1996 and 1997 tax periods on October 18, 2001. This CDP action closed on September 7, 2003, resulting in a suspension of the running of the period for 22 months and 20 days. The statutory period of limitations therefore did not expire for the 1996 assessment until February 19, 2013, and until November 6, 2012, for the 1997 assessment.  Defendant does not challenge the assessments based upon the statute of limitations.

4

| | | | |
|---|---|---|---|
| 1040 2003 | 1/7/2008 | $38,126.52 | $46,078.29 |
| 1040 2006 | 5/25/2009 | $5,624.65 | $6,257.24 |
| 1040 2008 | 6/20/2011 | $24,475.10 | $27,163.10 |
| § 6702(b) 2006 | 10/11/2010 | $5,008.00[7] | 5,306.02 |
| TOTAL | | $253,124.77 | $417,533.354[8] |

Defendant, in his motion for summary judgment, argues that the IRS has not proven that there were proper legal mailings and receipt of mailings of the Notice and Demand prior to beginning its collection case, and that the government has not produced a correct and accurate examination and assessment of his tax liability pursuant to statute, regulations, and the IRS manual.

As a matter of initial concern, it is important to note that Defendant, in his brief, refers interchangeably to the notice of deficiency, governed by 26 U.S.C. §6212, and the notice and demand for tax, governed by 26 U.S.C. §6303.  For instance, Defendant asserts in his summary of arguments that he challenges the assessments based upon the government's failure to provide notice and demand of the assessments, but he cites case law involving the failure to provide a notice of deficiency in the body of his brief. See ECF Dkt. #41 at p. 1-2 (citing *Pietanza v. Commissioner*, 92 TC 729 (1989)).  Because Defendant's expert report challenges the validity of the assessments based upon the government's failure to provide copies of the notices of deficiency to Defendant during discovery, the undersigned will assume that Defendant is challenging the government's failure to provide the notices of deficiency.

---

[7]The $5,008.00 entry appears to be a typographical error.

[8]According to the government's motion for summary judgment, the balance as of August 31, 2013 is $432,182.32.

5

Furthermore, the government correctly argues that its failure to provide Defendant with a copy of the notice and assessment and demand for payment does not bar a civil action to collect tax liability. The Sixth Circuit has held that the Internal Revenue Code requirement that the government must provide a taxpayer with notice and demand applies only when the government seeks to collect taxes administratively. *U.S. v. Berman*, 825 F.2d 1053, 1060 (6th Cir.1987).

II.       STANDARD OF REVIEW

Summary judgment should be granted "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 870-873 (6th Cir. 2005). The Court must decide, "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the court of the basis for its motion. *Celotex*, 477 U.S. at 323. Further, the moving party must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" which demonstrate the absence of a genuine issue of material fact. *Id.* The moving party must make a showing that no reasonable jury could find other than for the moving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

6

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993), see *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy St. Corp.*, 822 F.2d at 1435, see *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 288-290 (1968).

III.     LAW AND ANALYSIS

When the IRS determines a deficiency in income taxes, it must send a notice of deficiency via registered or certified mail to the taxpayer's last-known address. 26 U.S.C. §6212(a); see 26 C.F.R. §301.6212-1(a).   The taxpayer then has ninety days to file a petition in the Tax Court challenging the deficiency. 26 U.S.C. § 6213(a). Once the time for appeal to the Tax Court has lapsed, the government may then assess the taxpayer for the amount contained in the notice of deficiency.  26 U.S.C. §6213(c).  Within sixty days of making such an assessment, the government must send a notice of assessment and demand for payment to the taxpayer's last-known address. 26 U.S.C. §6303(a). If the taxpayer thereafter fails to pay the deficiency, a lien arises "in favor of the United States upon all property and rights to property ... belonging to such person."  26 U.S.C. §6321. The government may enforce liens either through administrative collection methods such as levy and distraint, 26 U.S.C. §§ 6331-6340, or, as in the instant case, through a civil action in district court to reduce the deficiency to judgment and to foreclose the tax lien, 26 U.S.C. §§ 7401-7401.

7

Deficiency procedures do not apply to the assessment or collection of penalties under 26 U.S.C. §6702. 26 U.S.C. §6703(b).

A tax assessment made by the IRS, memorialized on IRS Form 4340, captioned "Certificate of Assessments, Payments, and Other Specified Matters," constitutes a "determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes," and such a determination "is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S.Ct. 2117, 2122, 153 L.Ed.2d 280 (2002). "[T]he burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct." *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir.1981); see also *United States v. Walton*, 909 F.2d 915, 919 (6th Cir.1990); *United States v. Grable*, 1991 WL 202620, *2, 946 F.2d 896 (6th Cir.1991), cert. denied, 503 U.S. 987, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). In the above-captioned case, Defendant asserts that the assessments should not be reduced to judgment because he did not receive notices of deficiency pertaining to the specific tax years at issue.[9]

Defendant's argument is summarized in his expert report, prepared by Victoria Osborn, a Forensic Accountant and Certified Fraud Examiner, which is attached to Defendant's motion for summary judgment, and reads, in pertinent part:

> It is well established that courts have held that IRS 4340 provides at least presumptive, not conclusive evidence that a tax has been validly assessed under 26 IRC 6203 unless direct evidence contradicting the government's position is provided. In this case the direct evidence that would support or contradict the assessments is

---

[9]Defendant has provided no affidavit or declaration to establish that he did not receive the notices of deficiency.

8

the notice of deficiency and proof of proper mailing to the last known address of the taxpayer for each tax period listed in the complaint.  The evidence shows that the taxpayer has requested the direct evidence described above and the records are devoid of any indication that the documents have been produced. . . .This Fraud Examiner concludes based on the evidence requested, received and reviewed that [Defendant] (1) did not receive a Statutory Notice of Deficiency or (2) credible proof of mailing for tax periods 1996, 1997, 2000, 2001, 2003, 2006, and 2008.  While the government has proved that assessments of tax were made, the government has not proved the assessments are valid.

ECF Dkt. #42-1 at p. 4-5.

The Internal Revenue Code mandates that "no assessment of a deficiency ... and no levy or proceeding in court for its collection shall be made, begun, or prosecuted" until a notice of deficiency is mailed to the taxpayer. 26 U.S.C. § 6213(a). Unless the IRS provides notice to the taxpayer, the IRS can not proceed to assess the taxes due. *Robinson v. U.S.*, 920 F.2d 1157, 1158 (3d Cir.1990). In other words, the notice of deficiency is a prerequisite to the tax collection process. *Id.*

"[The notice of deficiency] shall be sufficient if mailed to the taxpayer at his last known address." *Pugsley v. Comm'r of Internal Revenue*, 749 F.2d 691, 692 (11th Cir.1985) (internal quotation marks omitted).  The IRS must exercise reasonable diligence in determining the last known address. *Johnson v. Comm'r of Internal Revenue*, 611 F.2d 1015, 1021 (5th Cir.1980).

The government bears the burden of proving by "competent and persuasive" evidence that it properly mailed a notice of deficiency. *Bobbs v. Commissioner*, T.C. Memo., 2005-272, 2005 WL 3157919 *2 (U.S.Tax Ct. Nov.28, 2005) (citing *Coleman v. Commissioner*, 94 T.C. 82, 90, 1990 WL 16337 (1990)). Courts addressing the issue have used a two-prong inquiry when examining the IRS's claims that a notice of deficiency has been sent.  See *O'Rourke v. U.S.*, 587 F.3d 537, 540-541 (2d Cir.2009); *Coleman v. Comm'r*, 94 T.C. 82, 91–92 (1990); see also *Keado v. United States*, 853

9

F.2d 1209, 1214 (5th Cir.1988);  *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir.1984);  *United States v. Ahrens*, 530 F.2d 781, 784-786 (8th Cir.1976).  First, where the IRS has (1) established the existence of a notice of deficiency and (2) produced a properly completed PS Form 3877 certified mail log, it is entitled to a presumption of mailing, and the burden shifts to the taxpayer to rebut that presumption by clear and convincing evidence. See, e.g., *O'Rourke, 587 F.3d at 540-41*; *Coleman v. Comm'r*, 94 T.C. 82, 91–92 (1990).  Second, in the absence of proof of a notice of deficiency and a properly completed Postal Form 3877 certified mail log, the IRS may meet its burden with evidence that is "otherwise sufficient." See, e.g., *O'Rourke*, 587 F.3d at 540-41; *Coleman v. Comm'r,* 94 T.C. 82, 91-92 (1990).

Here, the notices of deficiency were attached to the government's reply brief.  See ECF Dkt. #47-1.  According to the Osborn report, Defendant requested copies of the notices of deficiency, however, no copies were provided.  The government, on the other hand, writes in its reply brief, "[d]uring the discovery process, [Defendant] was provided with copies of the Notices of Deficiency and the related supporting documentation which showed how the tax assessments were calculated for the tax years 1996-1997, 2000, 2001, 2003, 2006, and 2008."  ECF Dkt. #47 at p. 3.

As a preliminary matter, it is important to note that all of the deficiency notices were captioned "Ralph A Rohner 2265 Anthony Drive Akron Ohio 44333-2939659."  *Id.*  The Anthony Drive address is the same address where personal service was made on Defendant in this case.  See ECF Dkt. #4.  Nonetheless, because the government has not produced a certified mail log for the notices of deficiency, it is not entitled to a presumption of proper mailing.  Thus, the government

must produce "other evidence" to carry its burden. *O'Rourke*, 587 F.3d at 540 (citing *Coleman*, 94 T.C. at 91).

A review of other courts' analyses of the sufficiency of the evidence presented to establish timely mailing of a notice of deficiency is informative.  In *O'Rourke*, the government offered an incomplete copy of the notice of deficiency, as well as an improperly completed PS Form 3877. 587 F.3d at 540-41. Although the defects in each piece of evidence did not entitle the government to a presumption of mailing under the first part of the inquiry, the Second Circuit held that the incomplete notice and PS Form 3877 were "otherwise sufficient" under the second part of the inquiry to establish proof of mailing. *Id.* at 541-42.

In *Ahrens*, in contrast to *O'Rourke*, all copies of the notice of deficiency had been lost. *Ahrens*, 530 F.2d at 784-85. The government did, however, produce a properly completed Form 3877, which the court considered to be highly probative evidence that a notice of deficiency was mailed to the taxpayer. *Id.* at 784. Additionally, the government demostrated the existence of a deficiency notice through deposition testimony of the taxpayer's attorney, who recalled receiving a copy of the notice, as well as through correspondence between the taxpayer and his attorney. *Id.* at 783, 785. As a result, only the validity of the notice's contents was in question. In the absence of evidence to the contrary, the court concluded that the contents of the notice could be presumed via the presumption of official regularity that attached upon mailing of the notice. *Id.* at 785-86.

In *Keado*, the Fifth Circuit found proof of mailing of the notice based upon: (1) an undated copy of the actual notice; (2) an affidavit regarding IRS mailing procedures in Dallas; (3) a receipt for certified mail (PS Form 3800) indicating that a certified letter with the number P727358276 was

11

sent to the taxpayers' home address; (4) a deficient PS Form 3877-A also indicating that certified letter P727358276 was sent to the taxpayer's home address; and (5) an affidavit explaining that PS Forms 3800 and 3877-A were used exclusively for mailing notices of deficiency. 835 F.2d at 1214.

In *Zolla*, the IRS destroyed all copies of the deficiency notices per established routine. The government did, however, offer a completed Form 3877 certifying that the notices of deficiency were mailed, as well as an IRS form certifying that taxes and penalties had been assessed. In light of the taxpayer's failure to offer any contrary evidence, the Ninth Circuit held that Form 3877 and the certification of tax assessment were highly probative, and found proof of mailing. *Zolla*, 724 F.2d at 810-811.

In *U.S. v. Stevenson*, 2010 WL 2490756 (E.D.Pa.2010), the district court was confronted with a set of facts most similar to the facts in the case *sub judice*. To establish mailing, the government in *Stevenson* produced a copy of Form 4340 for each year at issue. The *Stevenson* Court recognized that Form 4340 is "valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez v. U.S.*, 312 F.3d 191, 195 (5th Cir.2002); *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir.1993) ("IRS properly submitted and relied on Form 4340 to show that notice and demand was sent ...."); *Laeger v. U.S.*, No. 08–1549, 2010 WL 1542173 *5 (W.D.La. Apr.12, 2010) (Form 4340 is valid evidence that government mailed notices of deficiency where specific reference to deficiency notice is documented); *U.S. v. Charboneau*, No. 04–442, 2005 WL 2346947 *5 (M.D.Fla. Sept.26, 2005) (government can prove that it properly mailed notices of deficiency by producing an official 4340 indicating the date the notices were sent); *Mayerson v. Roberts*, No. 06–3589, 2007

12

WL 2023498 *22 (N.D.Cal. July 12, 2007) (Certificate of Assessment and declaration that notices were mailed sufficient to prove government sent notices).

The *Stevenson* Court further recognized that a Certificate of Assessment, assuming the proper foundation is laid, is admissible evidence under Fed.R.Evid. 803(6) and 803(8). *Hughs v. U.S.*, 953 F.2d 531, 539 (9th Cir.1992) (Certificates of Assessment are an exception to hearsay under Rule 803(8)); *U.S. v. Rogers*, 558 F.Supp.2d 774, 778 (N.D.Ohio 2008) (Forms 4340 are admissible under the business records exception of Rule 803(6) and the public records exception of Rule 803(8)).

The Stevensons argued that the certificates did not contain an entry specifically designating the date the notices of deficiency were mailed.  However, each assessment contained a dated entry reading, "[a]dditional tax assessed by examination audit deficiency per default of 90 day letter." According to the affidavit of IRS Technical Service Advisor Michael Stumpo, this statement means that each notice of deficiency was sent at least more than ninety days prior to the dates of assessment.   The *Stevenson* Court recognized that identical language had been determined to be evidence that the notices were properly mailed. See *Laeger*, 2010 WL 1542173 *5.

The same is true here.  Each of the certificates contains an entry identical to the entries in *Stevenson* and *Laeger*, supra.  Moreover, Defendant has not offered any evidence to contravene the evidence currently before the Court.  Defendant argues that the holding in  *Wiley v. U.S.*, 20 F.3d 222 (6th Cir. 1994) supports his argument. However, in that case, the government did not produce actual copies of the notices, and Wiley's expert averred that IRS procedure required that the IMF transcript include an entry memorializing the issuance of a notice of deficiency.  The expert further

13

averred that he had reviewed the IMF transcript and there was no entry.  As a consequence, the Sixth Circuit concluded that the absence of the entry, in conjunction with the expert's testimony, was probative of the fact that the notice of deficiency was not filed.  *Id.* at 227.

Here, Defendant has offered no similar evidence. Ms. Osborn relied upon the government's failure to provide copies of the deficiency notices during discovery to challenge the notice provided to Defendant.  However, copies of the deficiency notices were provided to the Court.  Therefore, the undersigned recommends that the Court find that the notices of deficiency, coupled with the entries in the certificates, are sufficient evidence of proper mailing.

Defendant's motion for summary judgment was largely predicated upon the government's alleged failure to provide the deficiency notices.  However, Defendant raised several other challenges to the validity of the assessments in his motion.  First, Defendant argues that the assessments are not valid due to the government's failure to comply with various provisions in the IRS Manual. The Sixth Circuit has held that procedures in the IRS manual are not binding on the IRS. *Estate of Jones v. Commissioner*, 795 F.2d 566, 571 (6th Cir.1986).  Courts in other circuits have likewise acknowledged that the IRS manual is not binding law and does not confer judicially enforceable rights upon the taxpayer. *Anderson v. United States*, 44 F.3d 795, 799 (9th Cir.1995); *Lawler v. United States*, 2006 WL 337583 (Fed.Cl. Oct. 26, 2006).

Next, Defendant contends that the assessments are invalid because they are not signed by the assessment officer. However, each of the Form 3430 include the signature of a certifying IRS officer.

14

Title 26 U.S.C. § 6203 provides that:

[t]he assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

The regulations accompanying this statute read, in pertinent part, "[t]he assessment shall be made by an assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1 (2002). The regulations further provide that the summary record of assessment shall include certain information and that upon a taxpayer's request, "he shall be furnished a copy of the pertinent parts of the assessment which set forth [certain information]." *Id.*

Finally, Defendant contends that the codification of 26 U.S.C. §7491 in 1998 prevents the burden of proof from shifting from the government to Defendant to demonstrate that the assessments are invalid.  To the contrary, the statute reads, in pertinent part, "If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue."  26 U.S.C. § 7491 (1998).  Here, as previously stated, Defendant has not offered any credible evidence to challenge the presumptive validity of the assessments.

Having considered the arguments set forth in Defendant's motion for summary judgment, the undersigned recommends that Defendant's motion be denied.  The undersigned further recommends that the government's motion be granted, insofar as the assessments at issue are presumptively valid, and Defendant has failed to produce any evidence to challenge the validity of the assessments.

15

Finally, the undersigned recommends that Defendant's motion to reconvene the Frazee deposition should be denied.  In the motion to reconvene, Defendant contends that the government improperly asserted the objections to numerous inquiries of Defendant's counsel based upon the "investigative privilege," the "work product privilege," and the "supervisor-authorization privilege." In the response brief, the government contends that counsel raised the investigative privilege in error (intending to assert the authorization objection instead), and did not raise the work product privilege at any point in the deposition.  See ECF Dkt. #42-1, Excerpts of Deposition of Patrick Frazee, at p. 9.  Having reviewed the relevant portions of the Frazee deposition, the undersigned agrees that the sole issue before the Court is the propriety of the objections predicated upon the testimony authorization asserted during the deposition.

First, Defendant asserts that allegations of fraud, which he contends were made by Mr. Frazee at the deposition, "automatically opened the door defendant's [sic] right to more expansive document disclosures."  ECF Dkt. #36 at p. 3. Although Mr. Frazee testified that he consulted with a fraud technical advisor regarding possible sources for the issuance of summonses to obtain additional information for sources of collection of the assessed taxes, Mr. Frazee did not allege fraud on the part of Defendant. In this civil action, the government seeks only to reduce to judgment the assessment of taxes, penalties and interest against Defendant.  Accordingly, the undersigned recommends that the Court find that Defendant is not entitled to expanded discovery due to allegations of fraud.

After reviewing the motions and the response brief, the undersigned instructed Defendant to file a reply brief that specifically identified the deposition questions at issue. Defendant identified twenty-eight areas of inquiry to which the government objected based upon the testimony

16

authorization.  The government, in its response brief, contends that the IRS has the authority to

circumscribe Mr. Frazee's testimony pursuant to its *Touhy* regulations:

> The Supreme Court had determined that the government has authority to limit the testimony of its employees.  *See United States ex rel Touhy v. Ragen*, 340 U.S. 462 (1951).  In additional the Department of the Treasury has specific regulations concerning the disclosure of information to any person, including the Court.  *See* 26 C.F.R. § 301.9001-1.  This regulation does not restrict the availability of records or facts, nor does it withhold information that is relevant to the litigation of the tax assessment made against [Defendant] for the tax periods at issue in the government's complaint.  The government has provided all relevant documents to the defendant related to the assessments of taxes, penalties and interest against [Defendant] for the tax periods at issue in this litigation.  In addition, [Defendant] responded to all questions posed to him during the August 23, 2013 deposition by Attorney Lynch which were relevant to the instant litigation.

ECF Dkt. #38 at p. 2.

However, the lion's share of courts considering the reach of disclosure-limiting *Touhy*

regulations have concluded that those regulations "end at the courthouse doors."  *Resource*

*Investments, Inc. v. U.S.*, 93 Fed.Cl.373, 380 (Fed.Cl. 2010) citing *Young v. United States*, 181

F.R.D. 344, 347-48 (W.D.Tex.1997) (addressing 5 C.F.R. §2635.805); *Dean v. Veterans Admin.*

*Reg'l Office*, 151 F.R.D. 83, 86-87 (N.D.Ohio 1993)(same); *In re Air Crash Disaster at Detroit*

*Metro. Airport on Aug. 16, 1987*, 737 F.Supp. 399, 404-05 (E.D.Mich.1989) (addressing the Ethics

in Government Act); *United States ex rel. Roby v. Boeing Co.*, 189 F.R.D. 512, 514 (S.D.Ohio 1999)

(addressing *Touhy* regulations pursuant to 5 U.S.C. §301); *Romero v. United States*, 153 F.R.D. 649,

651(D.Colo.1994) (addressing 32 C.F.R. § 516.42, the predecessor to 32 C.F.R. §516.49); *Alexander*

*v. FBI*, 186 F.R.D. 66, 69-71 (D.D.C.1998) (addressing 5 U.S.C. § 301, and finding that "neither the

federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold

documents or testimony from a federal court"); *McElya v. Sterling Med., Inc.*, 129 F.R.D. 510, 514-

15 (W.D.Tenn.1990) (holding that 5 U.S.C. §301 does not grant authority to assert an evidentiary privilege not recognized by the Federal Rules of Civil Procedure or the law of evidence).

In *Sperandeo v. Milk Drivers, et al.*, 334 F.2d 381 (10th Cir.1964), the Court of Appeals for the Tenth Circuit denied the motion of the plaintiff National Labor Relations Board to quash a subpoena for documents based on an agency regulation. The court concluded, "It is for the Court, and not the governmental agency or executive branch, to determine whether documents sought to be withheld under a claim of privilege are entitled to the protection of that privilege." *Sperandeo*, 334 F.2d at 384. In fact, although courts have not uniformly disregarded agency regulations restricting disclosure of documents and testimony, they have instead reiterated that the decision whether a particular agency's privilege will apply must rest with the court. See *Forstmann Leff Assocs., Inc. v. American Brands, Inc.*, 1991 WL 168002, at *2 (S.D.N.Y., Aug. 16, 1991) (court must decide whether RTC non-disclosure of documents is merited, or whether relevance outweighs chilling effect of disclosure); *Societe Int'le Pour Participations Indus. et Commer., S.A. v. Rogers*, 357 U.S. 197, 205-06, 78 S.Ct. 1087, 1092-93, 2 L.Ed.2d 1255 (1958) (Swiss penal law restricting document disclosure will not abrogate Federal Rules); *Merchants Nat'l Bank & Trust of Fargo v. United States*, 41 F.R.D. 266 (D.N.D.1966).

Turning to the specific objections raised to Defendant's inquiries, many of the questions sought information about IRS policies and procedures as they relate to the process of assessment. Specifically, Defendant sought testimony regarding:

the details of the process of mailing of the Notices of Demand;

summonses and the role they play in obtaining supporting documents that were used to create assessments;

the working process used for the tax assessments including penalty assessments by Mr. Frazee;

the policies and procedures that are relevant to the process of assessment;

the role of the "Director of Collections"; and

the process used in creating a "substitute return", and whether the substitute return was created and executed properly according to IRC law and regulations, per the Internal Revenue Manual.

In addition to the foregoing questions, Defendant's counsel asked Mr. Frazee to identify the chapter or section of the Internal Revenue Service's manual that addresses collections, and whether an assessment has to occur before the collection proceeds.

As previously stated, Defendant may not challenge the validity of the assessments based upon the failure of the government to comply with the IRS manual. Accordingly, the undersigned recommends that the Court deny the motion to reconvene with respect to the foregoing inquiries because the testimony sought by Defendant is not relevant to the validity of the assessments.

Next, Plaintiff's counsel objected to several inquiries regarding the information contained in Plaintiff's "individual master file" ("IMF"). Defendant's counsel asked several questions regarding potential fraud and criminal allegations contained in the IMF. Defendant contends that these inquiries are relevant to the penalty assessment. Defendant sought the identity of other IRS employees and third-party contacts that were involved in the tax assessments, as well as information contained in the notes maintained by Mr. Frazee and other revenue officers that were a part of the IMF. Defendant's counsel sought information regarding the Rita J. Rohner Trust, which, according to Defendant's reply brief, "is important as to establishing whether or not issues regarding that Trust were improperly and illegally taken into consideration. ECF Dkt. #42 at p. 5. Lastly, Defendant

19

made several inquiries regarding "two work products" and the "case history." ECF Dkt. #42 at p. 6.

Having considered the testimony sought by Defendant at the Frazee deposition, the undersigned recommends that the Court find that the testimony is not relevant to the validity of the assessments.  Defendant's inquiries largely focus on the government's alleged accusations of fraud, despite the fact that no allegations of fraud have been made in this civil action, and Defendant's accusations of misconduct by the government, which are the product of pure speculation.  Simply stated, Defendant has not offered any evidence that the assessments are not valid.  Accordingly, the testimony sought is not relevant in this case.

It is important to note that Defendant has not challenged the validity of the penalty assessment for filing a frivolous return.[10]  However, Defendant has not asserted that the penalty was improperly assessed.  He advances no argument in his brief to suggest that he did not file a frivolous return nor does he offer any evidence to support such a contention.  In fact, Defendant only mentions the penalty assessment as a reason to reconvene the Frazee deposition.  Because Defendant has offered  no argument or evidence to challenge the penalty assessment, the undersigned recommends that the penalty assessment provides no basis for reconvening the Frazee deposition.

IV.     CONCLUSION AND RECOMMENDATION

In summary, the undersigned recommends that the Court find that Defendant has failed to show that the assessments are invalid.  As a consequence, the government's motion for summary judgment, ECF Dkt. #40, predicated upon the presumptive validity of the assessments, should be

---

[10]Jurisdiction over a Section 6702 civil penalties determination challenge rests in the district court alone.  *Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008).

granted, and Defendant's motion for summary judgment, ECF Dkt. #41, should be denied. Moreover, the undersigned recommends that the Court find that Defendant has failed to show that the testimony sought during the Frazee deposition is relevant to the validity of the assessments. Therefore, the motion and amended motion to reconvene the Frazee deposition, ECF Dkt. ##36, 50, should be denied.

**IT IS SO ORDERED.**


DATE: January 22, 2014                      /s/ *George J. Limbert*
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

21