# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:12CV2682 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RALPH A. ROHNER, | ) | **AND ORDER** |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

      The above-captioned matter was referred by the Court to Magistrate Judge George J. Limbert for general pretrial supervision, including a Report and Recommendation ("R&R") on any dispositive motions. (*See* Doc. No. 20.)

      Now before the Court is the R&R (Doc. No. 53) recommending that the Court deny defendant's motion for summary judgment (Doc. No. 41)[1] and grant plaintiff's motion for summary judgment (Doc. No. 40).[2] Defendant filed objections to the R&R, pursuant to Fed. R. Civ. P. 72(b)(2), and plaintiff filed a response. (Doc. Nos. 54 and 55, respectively.)[3]

      The R&R further recommends denial of defendant's motion and amended motion to compel the reconvening of the deposition of Patrick Frazee.[4] (Doc. Nos. 36, 50.)[5]

---

[1] The motion is fully briefed, including plaintiff's opposition (Doc. No. 44) and defendant's reply (Doc. No. 48).

[2] This motion is also fully briefed, including defendant's opposition (Doc. No. 46) and plaintiff's reply (Doc. No. 47).

[3] Defendant also filed a "reply" to plaintiff's response. (Doc. No. 56.) This document has been disregarded as unauthorized by Rule 72 and/or any order of the Court.

[4] Although motions relating to discovery depositions properly fall within the decisional authority of a magistrate judge with respect to "pretrial matter[s] pending before the court," 28 U.S.C. § 636(b)(1)(A), the R&R merely makes a recommendation for this Court's final resolution with respect to these two motions. The Court perceives two possible reasons for the Magistrate Judge's decision not to resolve the motions himself: (1) because the issues underlying the discovery motions might, arguably, be considered dispositive of ultimate legal issues in the case; or

For the reasons discussed below, both motions relating to the Frazee deposition (Doc. Nos. 36, 50) are **DENIED**. Further, defendant's motion for summary judgment (Doc. No. 41) is **DENIED**, and plaintiff's motion for summary judgment (Doc. No. 40) is **GRANTED**.

## I. INITIAL MATTERS

Before addressing the recommendations of the magistrate judge, the Court first turns its attention to extraneous filings in the record.

On February 28, 2014, defendant Ralph Rohner filed a "Notice of Appearance of *Pro Se* Co-Counsel." (Doc. No. 57.) The document was filed electronically by defendant's attorney.[6] Shortly thereafter, a "Motion for Order of Judicial Notice" (Doc. No. 58) was filed. This was also purportedly filed by defendant acting on his own behalf, but it was actually filed electronically by his attorney.

Plaintiff filed a motion to strike the Notice of Appearance of *Pro Se* Counsel and the Motion for Order of Judicial Notice (Doc. No. 59), which defendant opposed (Doc. No. 61).[7] Plaintiff filed a reply. (Doc. No. 62.) Defendant then filed a motion for leave to respond to plaintiff's reply. (Doc. No. 63.)

---

(2) because the original motion was filed barely two weeks before the deadline for summary judgment motions, and the amended motion was filed two weeks after the cross-motions for summary judgment were fully briefed. The second reason is the more likely. Defendant's delay in filing these discovery motions cannot be explained with reference to the record.

[5] The original motion is fully briefed: plaintiff's opposition (Doc. No. 38) and defendant's reply (Doc. No. 42). Plaintiff also filed a very brief opposition to the amended motion (Doc. No. 51) and defendant filed a reply (Doc. No. 52).

[6] Non-attorneys are typically not permitted to file electronically. *See* L.R. 5.1(c).

[7] Defendant himself also filed an opposition to the motion. (Doc. No. 60.) It appears this response was delivered to the Clerk's Office, where it was time-stamped, and then electronically filed by one of the deputy clerks. Although a party is entitled to represent himself before this Court, this defendant is represented by counsel. He is not himself licensed to practice law and cannot be considered "co-counsel." The Court is not required to consider defendant's *pro se* filings. *See, e.g.*, *Dillon v. Warden, Ross Corr. Inst.*, 541 F. App'x 599, 609 (6th Cir. 2013 (stating that, because the petitioner was represented by counsel, the court was not required to address any matters raised in a supplemental *pro se* filing).

"[A] court may strike only material that is contained in the pleadings." *Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). "Pleadings" are defined by Fed. R. Civ. P. 7(a) to include a complaint; an answer to a complaint; an answer to a counterclaim designated as such; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer.

The Notice of Appearance of *Pro Se* Counsel (Doc. No. 57) and the Motion for Order of Judicial Notice (Doc. No. 58) are not pleadings and, therefore, are not subject to a motion to strike. The Court will construe the motion to strike (Doc. No. 59) as a motion to disregard these two documents, and so construed, the motion is **GRANTED**.

Defendant's motion for leave to respond to plaintiff's reply (Doc. No. 63) is **DENIED**.

## II. DISCUSSION

### A.      Background

On October 26, 2012, pursuant to 26 U.S.C. § 7401, plaintiff, United States of America, filed its complaint against defendant Rohner to reduce to judgment federal tax assessments for unpaid federal income taxes, penalties and interest for the tax years 1996, 1997, 2000, 2001, 2003, 2006, and 2008, and a penalty assessed for the tax year 2006, pursuant to 26 U.S.C. § 6702(b).[8] (*See* Doc. No. 1.) Plaintiff seeks a monetary judgment against defendant in

---

[8] This statutory section of the Internal Revenue Code permits a civil penalty for specified frivolous submissions by a taxpayer.

3

the amount of $432,182.32, plus statutory additions and interest according to law from August 31, 2013.[9] (Doc. No. 40-1 at 220.)

The parties filed cross-motions for summary judgment. As noted by the R&R, despite the considerable briefing of various matters in this case, "the parties have provided virtually no explanation of the events leading up to this civil action." (R&R at 516.)

Plaintiff, in reliance on a declaration by Walter Bailey (Doc. No. 40-11), an Internal Revenue Service ("IRS") Acting Advisory Group Manager, asserts in its summary judgment motion that there exists no material fact regarding the assessments owed by defendant for the seven tax years in question, plus the penalty assessed for one year.

Defendant, in his cross-motion, argues that plaintiff has failed to prove that he ever received notice prior to the government's commencement of its collection case. He also argues that plaintiff has failed to produce a correct and accurate examination and assessment of his tax liability.[10]

## B.      Standard Of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at

---

[9] The complaint provides the balances due as of June 18, 2012 (i.e., $417,533.35). (Doc. No. 1 at 2.) The balance sought by way of summary judgment is, understandably, higher, reflecting the additional passage of time.

[10] The R&R notes that defendant's brief refers interchangeably to the notice of deficiency (governed by 26 U.S.C. § 6212) and the notice and demand for tax (governed by 26 U.S.C. § 6303). Based on information in defendant's expert's report, the R&R concludes that defendant is challenging plaintiff's alleged failure to provide notices of deficiency, and conducts its analysis from that perspective. There has been no objection to the R&R from defendant in this regard. In any event, as properly pointed out by both plaintiff and the R&R, the Sixth Circuit has held that the IRS requirement of notice and demand in § 6303 "was designed to protect the taxpayer only where the summary powers of the IRS to collect taxes administratively are concerned, and does not restrict the government's right to maintain a civil action against the taxpayer to obtain judgment for the amount due." *United States v. Berman*, 825 F.2d 1053, 1060 (6th Cir. 1987) (citing with favor *United States v. Jersey Shore State Bank*, 781 F.2d 974, 980-81 (3d Cir. 1986), *aff'd*, 479 U.S. 442, 107 S. Ct. 782, 93 L. Ed. 2d 800 (1987)).

4

* 1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This R&R relates to a motion for summary judgment. Therefore, upon *de novo* review of matters properly and specifically objected to, this Court must apply the standard set forth in Fed. R. Civ. P. 56, where, when a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions,

answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n.*, 909 F.2d 941, 943-44 (6th Cir. 1990), *impliedly overruled on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established that create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome

summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id.*

## C.    Defendant's Objections

Unfortunately, defendant's objections are not particularly organized and are set forth inconsistently, partly in a numbered list and partly under bolded headings, making them difficult to follow. As near as the Court can discern, defendant raises the following objections:

1.    The R&R's conclusion is incorrect that "[d]efendant has not offered any credible evidence to challenge the presumptive validity of the assessments." (Objections at 534, quoting R&R at 527.)

2.    The R&R's recommendation as to lack of relevancy of particular questions directed to deponent Frazee "flies in the face of [several] specific requests for information from Frazee stated in defendant's Motion to Compel[.]" (*Id.* at 536.)

3.    The R&R fails to give defendant a fair opportunity to discover information from Agent Frazee through his deposition. (*Id.* at 539.)

4.    Neither the Supreme Court nor the Sixth Circuit are cited in support of the R&R's arguments. (*Id.* at 541.)

5.    The R&R fails to take note of certain documents supplied by plaintiff to defendant during discovery that belie the R&R's conclusion that none of the claims of plaintiff are time-barred. (*Id.* at 547.)

6.    The R&R recognized the relevancy of the lien that automatically arises in favor of plaintiff when a taxpayer fails to pay a deficiency, yet erroneously concluded that related questions could not be directed to Agent Frazee at his deposition. (*Id.* at 548.)

7.    The R&R fails to recognize numerous fraud issues that were the target of various IRS investigations and about which questioning of Frazee should have been permitted. (*Id.* at 550.)

These objections, taken as a whole since there is a great deal of overlap, fall into four categories: (a) a challenge to the presumptive validity of the tax assessments (No. 1, above); (b) challenges to the limitations placed on the deposition of Frazee and the R&R's

7

recommendation that defendant's motion to compel and amended motion to compel both be denied (Nos. 2, 3, 6, and 7); (c) a challenge to the timeliness of the claims for certain tax years (No. 5); and (d) a challenge to the strength of the R&R's legal citations (No. 4).

**D.**    *De Novo* **Review**

      **1.**    **The "Category (a)" Objection**

This objection may be the single most substantive, going to the heart of the narrow purpose of plaintiff's case: reducing to judgment its various tax assessments against defendant.

The R&R correctly sets out the two ways for a taxpayer to contest tax assessments: (1) by paying the full amount and then seeking a refund in a federal district court or the United States Court of Claims (the "refund method"); or, (2) electing not to pay the full amount of taxes and petitioning the United States Tax Court for a refund (the "deficiency method"). (R&R at 514 n.3.) No one has definitively indicated whether defendant pursued one or the other of these avenues.[11]

The R&R also correctly notes that an assessment of taxes by the IRS "is entitled to a legal presumption of correctness." (R&R at 520, quoting *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242, 122 S. Ct. 2117, 153 L. Ed. 2d 280 (2002).) *See also United States v. Noble*, 3 F. App'x 331, 334 (6th Cir. 2001) ("Certificates of assessment are presumptively correct and enable the government to establish a prima facie case of tax liability.") (citing *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the

---

[11] To assure the Court that the statute of limitations has not run on the assessments for tax years 1996 and 1997 (an argument not made by defendants, in any event), the government states that a collection due process action ("CDP") was pursued by Rohner, which suspended the running of the limitations periods until the CDP was resolved. Defendant has not challenged this assertion; therefore, the Court accepts it as true.

adequacy and propriety of notices and assessments that have been made.") (citing cases)). "[T]he burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct." *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981)). The R&R notes that defendant asserts, without supplying any affidavit or declaration, that the assessments should not be reduced to judgment simply because he claims he did not receive notices of deficiency for any of the relevant tax years and plaintiff allegedly cannot prove otherwise. (R&R at 517.) But copies of the notices of deficiency are attached to the plaintiff's reply brief (*see* Doc. Nos. 47-1 to 47-7), and when those are coupled with the certificates of assessment (*see* Doc. Nos. 40-3 to 40-10), which are admissible under the business records exception to the hearsay rule, *United States v. Rogers*, 558 F. Supp. 2d 774, 778 (N.D. Ohio 2008), it is permissible to conclude, as the Court does, that there is sufficient proof of notice to the defendant.

In his objection, defendant also claims that, contrary to the R&R's conclusion, he *has* offered credible evidence to challenge the presumptive validity of the tax assessments. Defendant supplies two laundry lists of "evidence" that supposedly support his challenge. (Objections at 534, 544 [examples 1 to 5], 546-47 [examples A to S].) But defendant offers no explanation as to why these lists and out-of-context quotations are relevant or useful in any way. A record is typically full of isolated facts. Merely *listing* them does not make them relevant to the issues and, here, the lists are not self-explanatory. The burden is on defendant to convince the Court that he has supplied evidence to challenge the *presumptive* validity of the assessments. This is a high burden and defendant has failed to meet it.

This objection is overruled.

9

2.    The "Category (b)" Objections

All of the objections in this category require the Court to address the R&R's recommendation regarding defendant's motion to compel and amended motion to compel the reconvening of the deposition of Agent Frazee.

On February 5, 2013, after consultation with counsel at the Case Management Conference and accepting counsel's proposed deadline, the Court set July 31, 2013 as the deadline for completion of non-expert discovery. (Doc. No. 14.) The record reflects that, as of June 26, 2013, plaintiff's counsel had yet to receive any notices of deposition, even though defendant's counsel had by email indicated an intention to depose as many as eleven (11) current and former IRS employees on July 29-31, 2013. (*See* Doc. No. 32-1 at 166, 167-68.)

On July 24, 2013, defendant finally served a notice of deposition on Patrick Frazee, an IRS revenue officer, for a deposition on July 31, 2013, the date long set for *completion* of non-expert discovery. On July 31, 2013, defendant belatedly filed a motion to extend the discovery period. (Doc. No. 32.) Plaintiff opposed the motion (Doc. No. 33), but, after consultation with counsel on August 7, 2013, Magistrate Judge Limbert extended the discovery deadline to September 9, 2013 and the dispositive motion deadline to September 16, 2013 (Doc. No. 35).

On August 23, 2013, defendant deposed Frazee. Two days before his deposition, the IRS Office of Chief Counsel sent Frazee a memorandum authorizing him to appear and to give testimony, "under the guidance of counsel for the Government," regarding "facts of which

10

[he has] personal knowledge in [his] official capacity concerning the allegations in plaintiff's complaint[.]" (Doc. No. 36-1 at 193.)[12]

On September 4, 2013, twelve days before dispositive motions were due, defendant filed his motion to compel the reconvening of Frazee's deposition (Doc. No. 36), arguing that plaintiff improperly prohibited Frazee from answering questions that would lead to discoverable information. He asserted that plaintiff erroneously invoked the "investigative privilege;" proceeded as if the "supervisor-authorization" objection to questions is superior to Fed. R. Civ. P. 26(b); advised Frazee not to answer questions relating to two specific work-product documents, most importantly, Rohner's individual tax file; permitted Frazee to make repeated accusations of fraud; and set arbitrary and capricious limitations on Frazee's testimony in contravention of the Federal Rules relating to discovery. (Doc. No. 36 at 187-88.) In his brief replying to plaintiff's opposition to the motion, defendant lists 28 specific areas of inquiry that

---

[12] The memorandum directed that Frazee could not do the following:

Testify as to matters of which [he has] no personal knowledge.

Testify in response to hypothetical questions.

Testify in response to general questions concerning the current or former positions, policies, procedures, or records of the Internal Revenue Service, except those that are relevant to the proceeding or are reasonably calculated to lead to the discovery of admissible evidence.

Testify as to matters of official business not relevant to the proceeding or reasonably calculated to lead to the discovery of admissible evidence.

Disclose any information that is protected by the attorney-client, attorney work product, or deliberative process privileges, except and only to the extent waived by this authorization.

Disclose returns or return information of any third party taxpayer (*i.e.*, a taxpayer not a party to this proceeding), except as may be authorized by I.R.C. § 6103(h)(4).

Disclose information that may tend to identify a confidential informant, if any.

Disclose information subject to I.R.C. § 6105, if any.

Disclose information that is secret pursuant to Federal Rule of Criminal Procedure 6(e), if any.

(Doc. No. 36-1 at 193-94.)

11

were foreclosed by the limitations placed on Frazee's testimony by the IRS. (Doc. No. 42 at 327-31.)

In his amended motion to compel (Doc. No. 50), filed a week after the cross-motions for summary judgment were already fully briefed, defendant expounds on his arguments relating to production of certain "work-product" documents; in particular, he challenges the adequacy and completeness of plaintiff's production of documents.

The R&R recommends denying both motions primarily because none of the information sought by defendant is relevant to the claims of plaintiff against defendant.

Although defendant goes on at some length in his various objections with respect to the R&R's recommendation to deny both motions to compel, he offers nothing more than speculation as to the evidence that might have been produced and its relevance to the question of the validity of the assessments had he been permitted to inquire more broadly of Agent Frazee. Notably, plaintiff, in its response to the objections, correctly points out that Frazee testified at his deposition that he was not involved in the assessment of taxes against defendant for any of the tax years at issue. (*See* Frazee Dep., Doc. No. 38-1 at 210-11.)[13] This simple fact alone is dispositive of defendant's objections.

All the objections in Category (b) are overruled.

3.    **Category (c) Objection**

In a confusing argument, defendant objects to the R&R's conclusion that none of plaintiff's claims are time-barred. He asserts that certain documents "ignored" by the R&R "indicated the ten-year limitation period beginning with the original assessment years."

---

[13] Frazee's only involvement was the recommendation to assess a penalty for tax year 2006. Defendant has not challenged the validity of that penalty. (R&R at 532.)

12

(Objections at 548.) He concludes that, "[b]y operation of law, the 1996 and 1997 years alleged in the original complaint must be dismissed, since they are beyond the 10 year limitation period." (*Id.*)

What defendant completely fails to address in his objections is the R&R's conclusion that, due to the collection due process ("CDP") action filed with respect to tax years 1996 and 1997, the statute of limitations for those years was tolled while the CDP was pending. (R&R at 516 n.6.)

This objection is overruled.

**4.  Category (d) Objection**

In this objection, defendant challenges the precedential strength of the case law cited by the R&R. His argument, however, seems to be playing the same tune as his other objections: that he should have been permitted to reconvene the Frazee deposition to prove whether or not plaintiff has credible evidence that it sent certain statutorily required notices of deficiency. No matter what legal authority the R&R may have cited, defendant cannot overcome the dispositive fact that Frazee had nothing to do with the tax assessments, but only with the sole 2006 tax penalty. Frazee would have no discoverable information to contribute with respect to the question of whether notices had been sent.

**III. CONCLUSION**

For the reasons discussed above, defendant's objections to the R&R are all overruled. The Court accepts the recommendations to **DENY** defendant's motion and amended motion to compel the reconvening of the deposition of Patrick Frazee (Doc. Nos. 36 and 50). The Court further accepts the recommendations to **GRANT** plaintiff's motion for summary judgment (Doc. No. 40) and to **DENY** defendant's motion for summary judgment (Doc. No. 41).

Plaintiff's motion to strike, which is being construed as a motion to disregard (Doc. No. 59), is **GRANTED**. Defendant's motion for leave to file a response (Doc. No. 63) is **DENIED**.

Defendant's Reply to Government's Answer to Defendant's Objections (Doc. No. 56), defendant's Notice of Appearance of *Pro Se* Counsel (Doc. No. 57), and defendant's Response to Motion to Strike (Doc. No. 60) have all been disregarded as set forth herein. Defendant's Motion for Order of Judicial Notice (Doc. No. 58) is **DENIED** for record purposes because it has also been disregarded.

The Court will reserve entry of a final judgment and directs plaintiff to submit a proposed judgment entry for the Court's consideration by no later than September 24, 2014.

**IT IS SO ORDERED**.

Dated: August 27, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**