UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:12CV2682 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RALPH A. ROHNER, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant's motion for reconsideration, purportedly filed pursuant to Fed. R. Civ. P. 54(b). (Doc. No. 65.) Plaintiff filed its opposition (Doc. No. 67) and defendant filed a reply (Doc. No. 71). For the reasons discussed herein, the motion is denied.

### I. STANDARD ON A MOTION FOR RECONSIDERATION

While a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it serves a legitimate and valuable role in certain situations. *Nat'l Union Fire Ins. Co. v. Continental Illinois Corp.*, 116 F.R.D. 252, 253 (N.D. Ill. 1987) (citing *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)). Such a motion is typically treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).[1] *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (citing *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)). As such, it is not an opportunity for an unhappy litigant to reargue the case.

---

[1] No final judgment has yet been entered in this case. On August 27, 2014, the Court issued a Memorandum Opinion overruling all of defendant's objections to the magistrate judge's Report and Recommendation and directing plaintiff to submit a proposed judgment entry for the Court's consideration. (*See* Doc. No. 64.) Plaintiff has submitted the proposed entry. (*See* Doc. No. 69.) However, defendant's motion for reconsideration was filed first and, therefore, needs to be addressed.

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration are not substitutes for appeal nor are they vehicles whereby a party may present arguments inexplicably omitted in prior proceedings. *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991), *aff'd sub nom U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994), *cert. denied sub nom Karr v. Carper*, 513 U.S. 1084 (1995).

Generally, there are three major situations which justify a court reconsidering one of its orders: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Kern-Tulare Water Dist. v. Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part, rev'd in part*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). However, the motion for reconsideration must demonstrate to the court why it should reconsider its decision and set forth strongly convincing facts or law which would induce it to reverse its prior decision. *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

## II. DISCUSSION

Most of the arguments in the instant motion are mere reassertions of defendant's original arguments that were rejected by the Court, save one argument which warrants attention here. Defendant argues that the statute of limitations on plaintiff's claims for taxes, penalties and interest for the 1996 and 1997 tax years expired prior to the filing of this lawsuit. In support of this argument, defendant asserts that the limitations period must be computed from the date on which there was a "substitute for return," as listed on each tax year's Form 4340, submitted by plaintiff in support of its motion for summary judgment. According to plaintiff, the statute began to run for tax year 1996 on April 2, 2001, and for tax year 1997 on December 18, 2000, when actual dollar amounts for each tax year were first assessed. (*See* Doc. Nos. 40-3 and 40-4.)

According to defendant, the limitations periods should run from August 3, 1998 and November 23, 1998, the dates on which the IRS filed a "substitute for return" for each of those tax years. (*Id.*) Defendant's argument is simply an incorrect statement of the law.

Under 26 U.S.C. § 6501(a), "the amount of any tax imposed [under the IRS code] shall be assessed within 3 years after the return was filed[.]" Thereafter, the IRS has ten years to collect the tax. 26 U.S.C. § 6502(a). However, "if a person fails to make any return required by any internal revenue law or regulation . . . at the time prescribed therefor, . . . the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." 26 U.S.C. § 6020(b)(1). Such a "substitute for return" "shall not start the running of the period of limitations on assessment and collection." 26 U.S.C. § 6501(b)(3). In fact, "[i]n the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3). *See also United States v. Tanchak*, 351 F. App'x 729, 731 (3d Cir. 2009) (rejecting the date of the Secretary's filing of a substitute tax return on behalf of the taxpayer as a trigger for the running of the statute of limitations); *United States v. McCarville*, No. 01-C-787, 2003 WL 22327931, at *4 (E.D. Wis. Aug. 21, 2003) (same); *Johnson v. IRS*, 888 F. Supp. 1495, 1505 (C.C. Cal. 1994) (noting that the IRS's preparation of a substitute return for the taxpayer had "no effect upon the statute of limitations for assessement"). Further, where, as here, a Collection Due Process hearing has been commenced, any statute of limitations that might be operative is tolled during the pendency of the proceeding and for sixty days thereafter. 26 U.S.C. § 6503(a)(1).

### III. CONCLUSION

For the reasons discussed herein, defendant's motion for reconsideration (Doc. No. 65) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 26, 2014

                **HONORABLE SARA LIOI**
                **UNITED STATES DISTRICT JUDGE**